Filed 12/2/13  P. v. Okuma CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARRELL ONEIL OKUMA,<br><br>    Defendant and Appellant. | C072427<br><br>(Super. Ct. No. 12F02730) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which requires that, at counsel's request, we review the entire record to determine whether there are any arguable issues that might benefit the defendant.

**PROCEDURAL FACTS**

Following the denial of defendant Darrell Oneil Okuma's motion to suppress evidence, a jury convicted him of possession of methamphetamine.  Defendant then admitted one allegation of a prior serious felony conviction and three allegations of service of a prior prison term.

1

The court sentenced defendant to state prison for seven years, consisting of the mid-term of two years, doubled to four because of the strike, plus an additional one year for each service of a prior prison term. The court awarded defendant 337 days of presentence custody credit, consisting of 169 days served plus 168 days for conduct. The court imposed restitution fines and fees as follows: $240 in accordance with Penal Code sections 1202.4 and 1202.45; a $40 court security fee (Pen. Code, § 1465.8), and a $30 conviction fee (Gov. Code, § 70373).

## FACTS FROM JURY TRIAL

On April 13, 2012, at 1:20 p.m., Sacramento City Police Officer Sameer Sood and his partner Officer Hall were on patrol in a marked police vehicle when they saw defendant standing near an open garbage bin. Sood made eye contact with defendant, who then smiled and said that he was "just waiting for a ride." Sood said that was fine and asked for defendant's name. Defendant responded, "Okuma," and said that was his complete name. Finding this odd, Sood got out of the patrol car and approached defendant to see if he could further identify him. As Sood approached defendant, the latter appeared nervous and began patting his hands on his jacket and pants. Concerned for his safety, Sood asked defendant to stop patting his clothing. As Sood got closer to defendant, the latter said, "I just stole some crystal from some girl." Sood searched defendant and found methamphetamine in a plastic baggie.

Defendant testified that he had been staying at a nearby motel with his friend Kendra. Defendant left the motel and took a baggie of methamphetamine from Kendra because it was "hurting her." Defendant's intention was to throw away the baggie of methamphetamine, but Officer Sood stopped him before he could do so.

A check of the records of the motel where defendant claimed he stayed did not support his story. There was no record of a person named Okuma or Kendra having stayed on April 12 and/or 13 as defendant claimed. In fact, the records showed that the room numbers defendant gave for his stay were vacant on those dates.

2

**DISCUSSION**

Appointed counsel has filed an opening brief requesting that we review the record to determine whether there are any arguable issues that could result in a more favorable outcome for defendant. (*Wende*, *supra*, 25 Cal.3d 436.) Counsel has informed defendant of his right to file a supplemental brief within 30 days of the filing of the opening brief. More than 30 days from that date elapsed and we have had no communication from defendant. We have thoroughly reviewed the entire record and have been unable to find any issues from which defendant might obtain a more favorable outcome.

**DISPOSITION**

The judgment is affirmed.

                    RAYE          , P. J.

We concur:

         BUTZ          , J.

         HOCH         , J.